IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN WAYNE CRISP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-488 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case arises out of the death of George Lowery Crisp ("Crisp") after a visit to the University of Texas Medical Branch ("UTMB" or "Defendant"). The nominal Plaintiff in this case is John Wayne Crisp, an heir for the estate of George Crisp. Now before the Court is Defendant's Motion to Dismiss. For the reasons outlined below, Defendant's Motion is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.[1]

**I. Background**

On August 21, 2002, Crisp presented at Defendant's emergency room. After being discharged, Crisp insisted that he needed additional medical attention. Defendant did not provide such attention and eventually had him arrested for trespass when he continued to refuse to leave the emergency room. While being booked, Crisp collapsed and later died.

Plaintiff is now suing UTMB for civil rights violations pursuant to 42 U.S.C. § 1983 and for

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"). *See* 42 U.S.C. § 1395dd. Defendant argues that this case should be dismissed pursuant to either FED. R. CIV. P. 12(b)(6) or 12(b)(1) since it is immune to Plaintiff's claims under the Eleventh Amendment.

## II. Analysis

### A. § 1983 Claims

Plaintiff alleges that Crisp was detained in violation of his Fourth and Fourteenth Amendment rights and that UTMB was obligated under the Eighth and Fourteenth Amendments to provide prompt care to Crisp while in its custody. Plaintiff is alleging these claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). While Section 1983 does provide private plaintiffs with a cause of action against certain defendants for civil rights violations, it cannot be asserted against a state entity. *See Aguilar v. Tex. Dept. of Crim. Justice-Institutional Division*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Eleventh Amendment to the United States Constitution explicitly bars federal suits against states. U.S. CONST. amend. XI. Section 1983 does not waive this immunity. *See Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). Since UTMB is an agency of the State of Texas, and Texas has not consented to suit under Section 1983, Plaintiff's Section 1983 claims must be dismissed. There is simply no jurisdiction in this Court for a suit against an agency of the State of Texas for alleged violations of Section 1983.

### B. EMTALA Claim

As noted above, the Eleventh Amendment provides immunity from private suit to state entities, including UTMB. Exceptions to Eleventh Amendment immunity arise if a state waive its immunity or if an act of Congress abrogates the state's immunity. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S. Ct. 900, 907, 79 L. Ed. 2d 67 (1984). Plaintiff does not argue that the State of Texas has consented to suit under EMTALA. Rather, he argues that EMTALA is

a congressional abrogation of the State's immunity. The Court finds that it is not.

In determining whether a congressional act such as EMTALA abrogates states' immunity, the Court must determine (1) whether Congress has unequivocally expressed an intent to abrogate immunity, and (2) whether Congress acted pursuant to a valid exercise of power. *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 53, 116 S. Ct. 1114, 1123, 134 L. Ed. 2d 252 (1996). Both determinations must be in the affirmative for the Court to find a valid abrogation of immunity. *Id.* EMTALA contains no statement indicating an unequivocal intent to abrogate state immunity. *See Ward v. Presbyterian Healthcare Servs.*, 72 F. Supp. 2d 1285 (D.N.M. 1999). Though neither the Fifth Circuit nor the United States Supreme Court have ruled on the issue of whether EMTALA abrogates states' immunity, every court to do so has ruled that it does not. *See Drew v. Univ. of Tenn. Regional Medical Center Hospital*, 211 F.3d 1268 (6th Cir. 2000); *Thomason v. Medical Center of Louisiana at New Orleans*, 2001 WL 839030 (E.D. La. 2001); *Ward*, 72 F. Supp. 2d 1285; *Lebron v. Ashford Presbyterian Community Hospital*, 975 F. Supp. 407 (D.P.R. 1997); *Perez-Bourdon v. Commonwealth of Puerto Rico*, 951 F. Supp. 22 (D.P.R. 1997). This determination is dispositive of Plaintiff's EMTALA claims.[2] This Court has no jurisdiction to hear a case premised on EMTALA against an arm of the State of Texas.

## IV. Conclusion

For the reasons stated above, Plaintiff's claims pursuant to Section 1983 and EMTALA are **DISMISSED WITHOUT PREJUDICE**. A Final Judgment will be issued with this Order. The

---

[2]Plaintiff implies that his claims might be distinguishable from those in the above-cited cases. Specifically, he argues that his constitutional rights are implicated because he was in custody at the time medical treatment was refused. While these facts distress the Court greatly, they are irrelevant to an analysis under EMTALA. EMTALA was intended to prevent hospitals from dumping patients without insurance. It was not meant as a vehicle for redressing constitutional violations. In any event, that argument does not affect the Court's conclusion that EMTALA does not abrogate state immunity.

Court notes that it is greatly troubled by the facts of this case as presented by Plaintiff. While these particular claims are not viable, the Court encourages Plaintiff to vigorously pursue any remedies available to him under state law or alternative causes of action. If Plaintiff reformulates his Complaint to bring it under the proper jurisdiction of this Court, and subject to applicable statutes of limitations, the Court will be pleased to consider it in due course.

**IT IS SO ORDERED**.

**DONE** this 25th day of May, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge